## DE HORITY *v.* STATE OF INDIANA.

[No. 27,115.  Filed March 29, 1939.]

*Kiplinger & Kiplinger,* and *Christian & Waltz,* for appellant.

*Omer S. Jackson,* Attorney General, and *Patrick J. Smith,* Deputy Attorney General.

SHAKE, J.—Appellant was sentenced to be imprisoned for six months and to pay a fine of $1,000 on a verdict of guilty of assault and battery. The prosecution was by affidavit which charged assault and battery and assault and battery with intent to rape. The appellant has attacked the form of the charge. There is no language in the affidavit proper to indicate that it is in two counts. The first literary paragraph of the instrument charges assault and battery, and the second assault and battery with intent, substantially in the language of the statutes. The placita contains, in addition to the name and term of the court and the title of the cause, the following:

"Count 1—Affidavit for Assault and Battery.
"Count 2—Affidavit for Assault and Battery with Intent to Commit Rape."

Preceding the paragraph charging assault and battery with intent is the notation: "Count 2." The purport of the affidavit is clear to a common intent, and we think it proper to consider it a charge in two counts, the first

being for assault and battery and the second assault and battery with intent.

The jury returned two verdicts. The first found the appellant not guilty of assault and battery with intent to rape "as charged in the second count of the affidavit;" the other found him guilty of assault and battery "as charged in the affidavit," and fixed his punishment, there being no reference to a count therein. By motions for *venire de novo,* for his discharge, and to modify the judgment, addressed to the trial court, the appellant asserted that inasmuch as a charge of assault and battery with intent embraces, also, assault and battery, and since there was an acquittal on the first part of the affidavit charging assault and battery with intent, he was thereby acquitted of assault and battery, and that the verdict of guilty on the second count was inconsistent and vitiated the judgment. Appellant is correct in asserting that a charge of assault and battery with intent necessarily embraces a charge of simple assault and battery. It is likewise true that the same offense may be charged in different ways in separate counts and, under our practice, a defendant may be found not guilty of the degrees charged, but guilty of an inferior degree thereof. Section 9-1816 Burns 1933, §2299 Baldwin's 1934. A motion for *venire de novo* or for discharge of the defendant should not be sustained unless the verdict is so defective that the proper judgment cannot be rendered thereon. *Kendall* v. *State* (1915), 183 Ind. 162, 105 N. E. 899; *Palmer* v. *State* (1926), 198 Ind. 73, 152 N. E. 607. Appellant's motions attacking the verdicts and the judgment rendered thereon were properly overruled.

Four separate acts of misconduct are charged against the prosecuting attorney. (1) It is shown that in his

opening statement the prosecuting attorney said ▆ to the jury that the state expected to prove that appellant had attacked other girls, and that on the same date fixed in the affidavit he had also made an attack upon a girl other than the prosecuting witness. The appellant objected to this statement at the time and moved to set aside the submission and discharge the jury. The court overruled the motion and admonished the jury to disregard the statement made by counsel. It is the opinion of the court that as to this incident of alleged misconduct the trial judge sufficiently admonished the jury. (2) It is disclosed by the special bill of exceptions that during the course of the trial, and while a witness was on the stand, an attorney for the state said, in the presence of the jury:

"We are going to prove this fellow was someplace besides where he said he was on that night and that he made other attempts to rape."

The appellant likewise made timely objection to this remark and moved to set aside the submission, whereupon the court charged the jury as follows:

"Gentlemen of the jury I will instruct you again not to consider the remark made by Mr. Whitehead that they expected or offered to prove by this witness that this defendant was guilty of similar offenses. I trust that you can disregard that statement and give it no weight at all or not consider it in any manner in arriving at your verdict in this case. The statement should not have been made but it has been made and I believe you men are intelligent enough to take the Court's instructions and disregard the statement at this time."

All possibility of harm from the attorney's improper comment was removed by the judge's prompt and emphatic instruction to the jury. (3) Counsel for the state propounded a question to another witness as to where he had seen the appellant on an occasion some two weeks

before the alleged commission of the offense. Appellant's counsel objected on the ground that the evidence sought was too remote. The attorney for the state then made an offer to prove, in the presence of the jury, to the effect that on an occasion different from that fixed in the charge, appellant had made, or attempted to make, an assault upon another woman. After appellant's objection was sustained, a motion was made to withdraw the submission and discharge the jury, which was denied. It does not appear that appellant's counsel objected at the time to the offer to prove being made in the presence and hearing of the jury. They were derelict in not doing so. It is not to be presumed that the jury was influenced by an attorney's offer to prove when the court did not permit the witness to answer the question. (4) It further appears from the special bill of exceptions that in the opening argument to the jury the prosecuting attorney stated that the reason why appellant had not attempted to prove his reputation was because he knew the "State was ready for him;" that he had attacked other women; that on the evening the alleged offense was committed appellant had attempted to take one Grace Tyner out on a "party" and that it was unfortunate that she had not gone as that would have avoided the attack on the prosecuting witness; that appellant and said Grace Tyner had probably had improper relations; that they were both liars; and that her testimony was perjured. As to this incident of alleged misconduct the special bill of exceptions recites:

"To each of which statements of said Cecil C. Whitehead (the prosecuting attorney) the defendant at the time they were so made objected, which objections were by the court overruled."

Immediately following the recital of the alleged misconduct of the prosecuting attorney and the overruling of the objection thereto, quoted above, it is stated in

the special bill of exceptions that the witness Grace Tyner talked loudly and hysterically; that she approached the prosecuting attorney, the jury, and the jury box and created a commotion by calling the prosecutor a liar; and that the court ordered her removed from the courtroom, which was accordingly done. The special bill discloses that "as soon as his counsel could be heard" appellant moved the court to withdraw the submission and discharge the jury on account of the prejudicial statements and improper conduct of the prosecuting attorney. This motion was denied and an exception saved. The jury was not admonished to disregard that part of the argument to which objection was made.

There was nothing improper, under the circumstances shown, in the trial court ordering the removal of the witness. Presiding judges are responsible for the decorum of the courtroom scene and they have a broad discretion as to what is necessary to accomplish that end. Nor would we be inclined to reverse the cause because, under the heat and stress of a trial, the attorney indulged in a choice of words in presenting his argument to the jury that falls short of reflecting that dignity of expression which is usually expected of a member of a learned profession. It would, no doubt, have been equally as effective, if he had clearly pointed out the inconsistencies and contradictions in the testimony of the witness and relied upon the intelligence of the jury to draw the ultimate conclusion, rather than to have boldly stated his own partisan opinion that she was a liar and a perjurer. We cannot, however, overlook the fact that in his opening argument to the jury the prosecuting attorney persisted in making objectionable statements which had been several times forbidden by the court. We must also condemn the unauthorized comment on the failure of the defendant to offer evidence of his good reputation. In a criminal case the defendant enters upon trial

presumed to be of good reputation, and that presumption continues until his reputation is put in issue, though it is proper to comment on the character of a defendant when he takes the witness stand in his own behalf. The court committed error when it permitted the argument of the prosecuting attorney to stand unrebuked. This had the effect of saying to the jury that, in the opinion of the court, the argument was proper.

The record, which we have carefully examined, indicates that the attorneys for both sides went far beyond the matters in issue in the trial. Both repeatedly attempted to put before the jury matters that had no relation whatever to the question of the guilt or innocence of the defendant. Such incidents are calculated to result in errors in the trial proceedings and consequential appeals.

It will be unnecessary to consider the other alleged errors, for the reason that the cause must be reversed on account of the misconduct of the prosecuting attorney. The trial court is directed to sustain appellant's motion for a new trial.

Roll, J., absent.