WILLIE JONES, JR. *v.* STATE OF INDIANA.

[No. 774S141. Filed October 1, 1975.]

*Jan E. Helbert, Eisele, Helbert & York,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell W. Sims,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged by indictment with the crime of first degree murder. A trial by jury resulted in a verdict of second degree murder. Appellant was sentenced to the Department of Corrections for a term of fifteen (15) to twenty-five (25) years.

The record reveals the following facts:

On the evening of February 23, 1969, Mr. and Mrs. Claude Johnson visited a tavern in Indianapolis. During the time they were in the tavern the Appellant asked Mrs. Johnson and another woman at her table to put money in the jukebox.

Mr. Johnson told Appellant to leave them alone and pushed Appellant. Appellant stayed in the tavern for about one-half hour, then as he started to leave he walked past Mr. Johnson, stabbed him in the neck and ran from the building. Mr. Johnson died of the wound inflicted by the Appellant.

Appellant's sole assignment of error is that the trial court erred in denying his motion to suppress in-court identification of him by Anna Johnson, wife of the decedent.

Appellant urges the in-court identification was based upon an impermissibly suggestive pre-trial lineup, and that the witness had an insufficient basis for identifying him independent of the lineup. Mrs. Johnson received a telephone call some 4 years after the death of her husband from Detective John Larkins of the Indianapolis Police Department informing her that the police had a suspect in the stabbing death of her husband and asked that she attempt an identification the following morning. The lineup consisted of both whites and negroes. Mrs. Johnson testified that the Appellant was the 5th man to enter the stage and that she recognized him immediately. If we presume without deciding that the lineup was too suggestive, in that the Appellant is negro and that there were only 1 or 2 other negroes in the lineup, we must still determine whether or not Mrs. Johnson's in-court identification of the Appellant was improperly influenced by the lineup.

As pointed out by this Court in *Dillard* v. *State,* (1971) 257 Ind. 282, 274 N.E.2d 387, 27 Ind. Dec. 346, the test of the admissibility of the identification focuses attention on two different sets of facts; (1) the facts bearing on the confrontation during the identification itself; (2) the facts bearing on how good a chance the witness had to observe the perpetrator of the crime to the extent that any suggestiveness in an improper confrontation could be resisted by the witness and that he could, nevertheless, make an accurate decision as to the identification of the suspect. In the case

at bar, Mrs. Johnson had every opportunity to observe the Appellant at close range in the tavern when he first approached her table and made a request for the playing of the jukebox. He remained in the tavern for one-half hour in such a location as to be readily viewable by Mrs. Johnson. He then approached her table and stabbed her husband in the neck. She testified that this activity on the part of the Appellant caused her to remember his appearance and that she had no trouble at all identifying the Appellant, either at the lineup or in court.

Several days after the murder, police officers brought two suspects to Mrs. Johnson's home for identification; however, she stated neither was the person who killed her husband.

In *Neil* v. *Biggers*, (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401, the United States Supreme Court clarified the application of the pre-trial identification cases, stating that the "totality of the circumstances" should be considered in determining whether the identification was reliable.

The record in this case demonstrates that there was clear and convincing evidence to establish that Mrs. Johnson's in-court identification was based upon her view of Appellant at the scene of the crime and was not influenced by the lineup. *Neil* v. *Biggers, supra; Dillard* v. *State, supra; Lindsey* v. *State*, (1973) 260 Ind. 351, 295 N.E.2d 819, 36 Ind. Dec. 354; *Winston* v. *State*, (1975) 263 Ind. 8, 323 N.E.2d 228, 45 Ind. Dec. 733.

We, therefore, hold that the trial court did not err in the admission of the in-court identification of the Appellant by Mrs. Johnson. The trial court is, therefore, affirmed.

Arterburn, DeBruler, Hunter, and Prentice, JJ., concur.

NOTE.—Reported at 333 N.E.2d 689.