EARMAR LAWSON *v.* STATE OF INDIANA.

[No. 3-376A60. Filed October 13, 1976.]

*Jerry E. Levendoski*, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

GARRARD, J.—A jury convicted Lawson of attempted armed robbery. Only one issue is presented on appeal. Did the court err in failing to grant a mistrial for prosecutorial misconduct during final argument?

In the opening portion of final argument, the prosecutor reviewed the testimony of the state's witnesses. He suggested that the state's evidence was without conflict and that the only conflict in the testimony heard at the trial derived from the statement Lawson had assertedly given the police at the time of his arrest and the account he testified to at trial.[1] He then proceeded to review the conflict in Lawson's statements. After stating that the court would instruct the jury on credibility, he stated:

---

[1]. Both accounts asserted Lawson was coerced into committing the crime. However, they varied in several details. For instance, the testimony regarding Lawson's statement upon being captured was that he denied possessing a weapon. At trial, Lawson testified that he did have a weapon.

"I think the defendant was caught red-handed in an armed robbery and has come into court and has had the audacity to sit on the stand, after taking the oath to tell the truth, and lie blatently. . . ."

At this point, the defense objected and the court admonished the jury to disregard the remark. The court, however, refused the motion for mistrial.

The court did not err.

It is proper argument to suggest to the jury that upon the basis of the evidence adduced at the trial, the testimony of a particular witness is subject to doubt. *De-Hority* v. *State* (1939), 215 Ind. 390, 19 N.E.2d 945. The problem in doing so is twofold.

First, proper argument is based upon the evidence produced at the trial. It is therefore improper for the prosecutor to argue the guilt or lack of credibility of the defendant where the argument professes to be based upon his private knowledge of matters not testified to or where it takes the form of the prosecutor personally vouching for or against the cause or witness. *See, e.g., Jackson* v. *State* (1888), 116 Ind. 464, 19 N.E. 330. Where the prosecutor, in form, expresses his own conclusion that a witness is lying, the risk is that the jury may take the statement out of context as a prohibited expression not based upon the evidence presented to them.

Secondly, argument should not be phrased in a manner calculated to inflame the passions or prejudices of the jury. An aspect of this concept is our ethical notion that members of the bar should employ "that dignity of expression which is usually expected of a member of a learned profession." *DeHority, supra,* 215 Ind. at 395, 19 N.E.2d at 948.

Even so, it has long been recognized that our concept of the advocate's role differs from that of our British counterpart

in allowing latitude to counsel. The trial judge is invested with discretion in controlling argument. We will not reverse in the absence of a clear showing of an abuse of that discretion. *Maynard* v. *State* (1971), 257 Ind. 336, 274 N.E.2d 396.

Where, as here, the remark is based upon the evidence; is not part of a pattern of prejudicial conduct; and the jury is promptly admonished to disregard it, no prejudicial error is established. *DeHority, supra; Mayes* v. *State* (1974), 162 Ind. App. 186, 318 N.E.2d 811, *trf. den.*

The judgment is therefore affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 355 N.E.2d 274.