TYRONE LAMARR ROBY *v.* STATE OF INDIANA.

[No. 3-476A91. Filed June 9, 1977.]

*John R. Kouris, Kouris & Vukovich,* of Munster, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

STATON, P.J.—Tyrone Lamarr Roby was tried before a jury and was convicted of robbery. He bases his appeal to this Court upon four alleged errors:

(1) The trial court failed to suppress identification testimony which resulted from an impermissibly suggestive line-up.

(2) The trial court failed to suppress testimony and evidence which resulted from an illegal (without warrant or probable cause) stop and arrest.

(3) The trial court admitted statements made by Roby to the arresting officer prior to the reading of *Miranda* rights.

(4) The trial court allowed the State to cross-examine one of Roby's witnesses beyond the scope of direct examination.

We have reviewed the record, and we find no error. The judgment is affirmed.

## I.

### Identification

Roby contends that because he was returned to the scene of the robbery (a laundromat), attended by three police officers with his hands handcuffed behind his back, that the victim's identification of him was based upon an impermissibly suggestive one-person line-up. The victim made an independent in-court identification, but Roby alleges that the latter identification was tainted by the former.

The record shows that the victim gave a detailed description of Roby to the police before Roby was returned to the scene. She stated that she was as close as one foot to Roby when she was robbed; that the lighting was very bright; and that she saw his full face and profile. Furthermore, she testified that she recognized Roby as the man who robbed her while he was still in the police car, before she was able to ascertain that he was handcuffed.

Where the State presents clear and convincing evidence of an independent basis for the in-court identification, the in-court identification is admissible regardless of the suggestiveness of a pre-trial identification. *Bowen* v. *State* (1975), 263 Ind. 558, 334 N.E.2d 691; *Jones* v. *State* (1975), 263 Ind. 555, 334 N.E.2d 689; *Swope* v. *State* (1975), 263 Ind. 148, 325 N.E.2d 193; *Auer* v. *State* (1972), 154 Ind. App. 164, 289 N.E.2d 321. The evidence was clear and convincing, and the trial court properly admitted the victim's in-court identification.

## II.

### Illegal Stop

The victim did not call the police herself to report the robbery; a milkman who saw Roby running and driving away from the laundromat contacted the police with a description of Roby and the vehicle. He also provided information as to the probable direction taken by the robber, and he stated that the license plate contained two number 5's. Roby was stopped about one mile from the laundromat, on the street that the milkman had suggested as the probable route. The officer who stopped Roby acted upon a radio dispatch from police headquarters. There was a high correlation between the description of the robber, the license number, and the automobile, as well as the vicinity of the crime, and Roby. The officer had reasonable justification to stop Roby for further investigation. *Luckett* v. *State* (1972), 259 Ind. 174, 284 N.E.2d 738. *See also Williams* v. *State* (1974), 261 Ind. 547, 307 N.E.2d 457; *Caine* v. *State* (1975), 163 Ind. App. 381, 324 N.E.2d 525; *Fingers* v. *State* (1975), 164 Ind. App. 438, 329 N.E.2d 51; *Bryant* v. *State* (1973), 157 Ind. App. 198, 299 N.E.2d 200.[1]

The next question is whether upon detaining Roby's automobile the officer acquired probable cause to arrest Roby for robbery. In Indiana the test for probable cause to make a warrantless arrest is whether at the time of the arrest the facts and circumstances within the knowledge of the arresting officer and of which he had reasonably trustworthy information were sufficient to warrant a prudent man of reasonable caution in believing that the arrestee had committed or was committing a criminal offense. *Beck* v. *Ohio* (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142; *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133. After the stop and before the officer said anything, Roby got

---

1. Since the milkman who called the police was an eye-witness to the suspect's escape from the scene of the crime, he was sufficiently reliable as a basis for the police dispatch.

out of his car and told the officer that the money was in the righthand pocket of his jacket. At this point, the facts and circumstances within the officer's knowledge were sufficient to warrant a belief that Roby had committed the robbery; the warrantless arrest was valid. *Luckett* v. *State, supra; Lloyd* v. *State* (1975), 166 Ind. App. 248, 335 N.E.2d 232; *Caine* v. *State, supra.*

## III.

### Volunteered Statements

The United States Supreme Court in *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, held, in conjunction with its landmark holding concerning warnings and waivers of rights, that:

". . . Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. . . . Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." *Id.,* 384 U.S. at 478, 86 S.Ct. at 1630.

The record shows that the police officer stopped Roby's automobile by blocking its path and that the officer ordered Roby out of the car at gun-point. As Roby left his automobile, he told the police officer that the money was in the righthand pocket of his jacket. The statement was not in response to any question by the officer. At that time, the officer placed Roby under arrest and read him his *Miranda* rights. Roby contends that his statement was made while he was in police custody, and the State does not dispute the fact that Roby was in custody when the statement was made.

Although Roby was in custody, the record clearly reveals that his statement was spontaneously volunteered before any interrogation had begun, in fact, before any rights *could* have been read to him. Statements made voluntarily, before an officer has a chance to warn an accused of his rights or before

any questions are asked by an officer, are admissible into evidence. *Riddle* v. *State* (1976), 264 Ind. 587, 348 N.E.2d 635; *Lockridge* v. *State* (1975), 263 Ind. 678, 338 N.E.2d 275; *Jennings* v. *State* (1973), 262 Ind. 476, 318 N.E.2d 358; *Hewitt* v. *State* (1973), 261 Ind. 71, 300 N.E.2d 94; *New* v. *State* (1970), 254 Ind. 307, 259 N.E.2d 696. The trial court did not err in admitting the statement into evidence.

## IV.

### Scope of Cross-Examination

Roby's father was cross-examined concerning Roby's past skirmishes with the law, and testimony was elicited regarding Roby's prior convictions. Roby asserts that the trial court committed error in allowing the State to cross-examine beyond the scope of direct examination. This argument lacks force. It is true that the scope of cross-examination of a witness is limited to the subject matter of the direct examination, *Brooks* v. *State* (1973), 259 Ind. 678, 291 N.E.2d 559, but where an accused opens the door, the State may go in. *Martin* v. *State* (1974), 261 Ind. 492, 306 N.E.2d 93; *Storie* v. *State* (1970), 254 Ind. 301, 258 N.E.2d 849; *McDonald* v. *State* (1975), 163 Ind. App. 667, 325 N.E.2d 862; *Hannah* v. *State* (1974), 160 Ind. App. 317, 311 N.E.2d 838. Here, Roby opened the subject of his prior criminal activity, but omitted specificity as to previous convictions; the State was justified in inquiring into those specifics.

We find no reversible error, and we affirm.

Garrard and Hoffman, JJ., concur.

NOTE.—Reported at 363 N.E.2d 1039.