DONALD EUGENE WOODARD *v.* STATE OF INDIANA.

[No. 676S162. Filed September 6, 1977.]

*Keith A. Kilworth,* Public Defender, of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Donald Eugene Woodard, was charged by way of information with armed robbery. His case was tried before a jury which found him guilty and fixed his punishment of imprisonment at 18 years. The defendant's motion to correct errors was overruled, from which he appeals, raising the following issues:

1. Whether it was error for the prosecution to introduce evidence of another crime in its opening statement and its case-in-chief;
2. Whether there was prosecutorial misconduct during final argument;
3. Whether it was error for the trial court to refuse defendant's instructions on intoxication; and
4. Whether it was error to introduce certain items of physical evidence.

## I.

During his opening statement, the prosecutor summarized the evidence he intended to produce. The armed robbery charged in this case occurred when the defendant and three other black men entered a Burger Chef restaurant in Richmond, Indiana, with guns, and took $718 and robbed each of the four persons who were there. Larry Smith's expected testimony is also summarized. Smith's car was taken from him at gunpoint in Dayton, Ohio, and he was locked in the trunk. On the road to Richmond he overheard certain conversations of the defendant relating to a proposed robbery of a Burger Chef. In Richmond, he declined to participate in the robbery and was not released from the trunk until the car was stopped by the Ohio State Police.

Defense counsel sought a mistrial at the conclusion of the prosecutor's statement, and at the time Smith's testimony was

offered he objected that evidence or statements concerning the kidnapping were inadmissible.

It is true that evidence tending to show the commission of crimes, separate and distinct from the crime charged, is generally inadmissible to prove the guilt of the accused. But, evidence, which is otherwise relevant to the facts in issue, is not inadmissible despite its tendency to show guilt of another crime, especially if the two crimes are related. *Maldonado* v. *State,* (1976) 265 Ind. 492, 355 N.E.2d 843.

> "It is always proper to show that the instruments used in a crime were owned or possessed by the defendant. Corroborative evidence of how and where he obtained such instruments is clearly proper." *Byrd* v. *State,* (1965) 246 Ind. 255, 256, 204 N.E.2d 651.

Evidence is also admissible of "happenings near in time and place" which "complete the story of the crime on trial by proving its immediate context." *Maldonado, supra;* McCORMICK, EVIDENCE § 190 at 448 (2d ed. 1972).

Here, the evidence of kidnapping placed the testimony of Smith in its proper context and explained the defendant's possession of the car. As was stated by the prosecutor, "[I]t would be very difficult to leave the Jury with the impression that we have a man . . . in the trunk of an automobile at night and leave it to them to guess how in the heck he got there."

There was no error in the admission of this evidence.

## II.

During final argument, the deputy prosecutor posed three questions for the jury, which were objected to by defense counsel, as being outside the evidence presented. First, he asked them, "What would have happened if the defendant had gotten back into the Burger Chef Restaurant? . . . Why were you [the defendant] armed with a handgun that was loaded and attempted to get back in there?" There was evi-

dence that the defendant attempted to re-enter the restaurant after the robbery. The prosecutor also asked, "What would happen to Larry Smith if Trooper Kirker had not spotted the automobile?" This also was in evidence. Lastly, the prosecutor asked, "[D]o you want people . . . under the influence . . . of drugs with a loaded handgun in Richmond, Indiana?" The defendant admitted to being under the influence of drugs at the time of the offense. All of these were permissible argument based upon the evidence presented.

The prosecutor during his argument stated that he teaches criminal law. This was objected to as being irrelevant. The objection was overruled but shortly thereafter (one transcript page) the trial judge reversed his ruling and admonished the jury to disregard the statement. This was sufficient to cure the harm, if any, of the prosecutor's statement. *DeHority* v. *State,* (1938) 215 Ind. 390, 19 N.E.2d 945.

### III.

The defendant tendered two instructions on intoxication. One of these instructions was modified by the court to include the use of drugs and was given as modified:

"Voluntary intoxication by the use of alcohol or drugs is no defense or excuse to a crime. It will be presumed, if the case is otherwise made out beyond a reasonable doubt, that the defendant intended the natural consequences of his own act. Mere intoxication does not excuse an offense, but it may produce a state of mind which incapacitates a party from forming or entertaining a specific intent.

"The jury may consider the intoxication of the defendant, if any be shown by the evidence, in determining whether said defendant did commit any crime charged in the information against him, with the necessary intent as herein stated."

The defendant's other instruction was refused:

"One statute which the defendant is charged with violating requires a criminal intent, or mens rea. The defendant cannot possess such requisite intent if he was too intoxicated for a conscious exercise of his will, or in other words, too

intoxicated to hold and entertain the necessary criminal intent."

The instruction given correctly stated the law with respect to intoxication. *Snipes* v. *State,* (1974) 261 Ind. 581, 307 N.E.2d 470. It is not error to refuse an instruction the substance of which is covered by another instruction.

The defendant also maintains that there was a variance between proof, pleadings and instructions, citing *Wilson* v. *State,* (1975) 164 Ind. App. 665, 330 N.E.2d 356. He points to no specific instance stating only that there was a variance between the acts charged and the instructions given. His argument is general, inspecific and opaque in its relation to these instructions. Concerning the intoxication instruction, we can only say that the effect of intoxication was adequately explained to the jury.

## IV.

At trial the prosecution sought to introduce certain items of physical evidence, which had been identified as being taken either from the defendant and his confederates or from the area where their car was stopped by the Ohio State Police. The defendant objected that a complete chain of custody had not been established and that the evidence was tampered with.

The items of evidence offered were a money bag, a check, a deposit ticket, a change purse, a wristwatch, a necklace, a denim hat, two revolvers, an electrical cord, and a black pouch containing two shotgun shells and several revolver shells. The Ohio State Police officer identified each of the items as having been taken from the defendant, his confederates, their car, or the area where the car was stopped. He testified that he had placed the shotgun shells in the black pouch himself. Upon objection this pouch and the shells were withdrawn by the state. This officer testified that all of the items were placed in an evidence locker at a State Highway Patrol Post.

The items were later taken to Richmond and placed in a police locker there until trial.

These items were all hard physical evidence whose characteristics were capable of eyewitness identification, unlike the fungible narcotics involved in *Graham* v. *State,* (1970) 253 Ind. 525, 255 N.E.2d 652. It is a sufficient foundation for the introduction of such items into evidence that a witness identifies the item and it has relevance to the issues of the case. *Owens* v. *State,* (1975) 263 Ind. 487, 333 N.E.2d 745.

"If the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition." McCORMICK, EVIDENCE § 212 at 527 (2d ed. 1972).

Any evidence of tampering or the possibility of tampering goes to the weight of the evidence. It was not error for the trial court to admit these items of evidence.

For all the foregoing reasons the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 366 N.E.2d 1160.