CARLOS ALFONZO JACKSON *v.* STATE OF INDIANA.

[No. 1176S383. Filed May 10, 1978.]

*Jerry E. Levendoski,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Carlos Alfonzo Jackson, was charged with and convicted by a jury of first-degree murder in the death of Rebecca Dever. He was sentenced to life imprisonment. His appeal raises two issues:

1. Whether certain testimony and photographs relating to two minor children of the deceased were erroneously admitted; and

2. Whether statements made by the defendant were erroneously admitted.

The evidence developed at trial showed that Rebecca Dever was found in their home by her husband. Mrs. Dever had been stabbed and strangled and was dead. Their two children had also been stabbed and strangled, although they survived. The defendant made statements to his neighbor that he had a chance to earn some money by "offing" somebody and later, that he "offed" Ralph Dever's wife. The defendant also made several inculpatory statements to the police.

## I.

Several items of evidence were admitted over the defendant's objection relating to the minor children of the deceased. A photograph of the two children was admitted which was taken months after the event. Photographs were admitted of the children's bed and crib which showed stains with the appearance of blood. Testimony of Dr. Ashman described in detail the wounds received by the minor children. A police officer testified that he saw the children on the night of the event being taken out of the house by an emergency medical unit. All these items of evidence were objected to as being

prejudicial and not within the scope of the charges against the defendant.

Evidence tending to show commission of another crime, separate from the crime charged, is generally inadmissible to prove the guilt of the accused. *Woodard* v. *State,* (1977) 267 Ind. 19, 366 N.E.2d 1160. The res gestae exception permits the admission of such evidence where it completes the story of the crime by proving its immediate context. *Woodard, supra; Kiefer* v. *State,* (1958) 239 Ind. 103, 153 N.E.2d 899.

The photos of the children's room as it was found by police clearly fall within the exception, as does the testimony of Dr. Ashman. Both gave substance to the story of the crime by showing where attacks were made and that all three victims received identical injuries. The police officer's testimony was also within the res gestae because it completed the story of the crime as it was known. The photograph of the children, although it was not a photo of them on that night, was not prejudicial to the defendant. The photo was used in court merely as a means of identifying the minor children. The children were part of the transaction and their wounds suggest that one man or one scheme was being perpetrated on all three victims. There was no error in the admission of these items of evidence.

## II.

The defendant moved to suppress a number of extrajudicial statements, inculpatory to varying degrees, made by him to police over a period of four months. After a hearing, the motion was denied and the statements were admitted over objection. On appeal, the defendant urges error only with respect to the last statements made, those being the January 16, 1975, statements. He argues that he was denied his right to counsel and his right against self-incrimination.

In *Brewer* v. *Williams,* (1977) 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424, the Supreme Court held that, "once *adversary*

*proceedings have commenced* against an individual, he has a right to legal representation when the government interrogates him." *Brewer, supra,* at 51 L.Ed.2d 438 (emphasis added). This right can be waived, although it appears to be a high standard for waiver.

In *Miranda* v. *Arizona,* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, guidelines were established to protect an individual's privilege against self-incrimination. A statement made by an accused during custodial interrogation is not admissible over his objection, unless the police give specified warnings to him, and he waives his rights voluntarily, knowingly and intelligently. *Michigan* v. *Mosley,* (1975) 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313. Warnings do not necessarily need to be repeated on each separate interview with an accused. *U.S.* v. *Springer,* (7th Cir. 1972) 460 F.2d 1344; *Maguire* v. *U.S.,* (9th Cir. 1968) 396 F.2d 327, *cert. den.* 393 U.S. 1099; *People* v. *Hill,* (1968) 39 Ill. 2d 125, 233 N.E.2d 367, *cert. den.* 392 U.S. 936. Volunteered statements fall completely outside the scope of *Miranda,* as do statements which are not the result of interrogation. *Bugg* v. *State,* (1978) 267 Ind. 614, 372 N.E.2d 1156; *Lane* v. *State,* (1977) 266 Ind. 485, 364 N.E.2d 756.

On January 16, the defendant was visited by his girl friend, under the supervision of a police detective. The defendant was under arrest at that time on an armed robbery charge and he was under suspicion in the Dever homicide because of statements he had previously made to the police. He had been advised of his rights in October, at which time he executed a written waiver, and three times in November, at which times he made statements to the police. At the time of the January statements, he was represented by appointed counsel with respect to the armed robbery. The January statements are the only statements in which the defendant directly admits he was in the Dever home, aiding another person in the murder of Mrs. Dever.

The defendant consulted alone with his girl friend for a period of approximately twenty mintues. She apparently convinced him to make a statement since he then told the detective that if the prosecutor were there within twenty minutes he would make a statement. The prosecutor did present himself and the defendant made his statement.

This evidence was sufficient for the trial judge to find that the accused's right to counsel was not violated. No formal charges with respect to the Dever homicide had been commenced. His counsel was appointed only with respect to the armed robbery. Even were the attorney his with respect to the instant charge, a statement would not be inadmissible *per se* because his counsel was not present or contacted. *Springer, supra.*

This evidence was also sufficient for the trial court to have found the defendant's privilege against self-incrimination not to have been violated. The defendant was admittedly in custody; however, *Miranda* warnings were not required since the statement was not the result of interrogation. Even if warnings were required, the earlier warnings were sufficient in light of the defendant's clear recognition of his right to remain silent. He conditioned his statement upon the presence of the prosecutor, showing he knew of his right to remain silent, and was waiving that right.

For all the foregoing reasons, we find the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., and Pivarnik, J., concur; DeBruler and Prentice, JJ., concur in result.

NOTE.—Reported at 375 N.E.2d 223.