**Randal Joel REMSEN, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 381S66.

Supreme Court of Indiana.

Dec. 3, 1981.

Keith A. Dilworth, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Randal Joel Remsen, was convicted of rape, a class A felony, Ind.Code § 35–42–4–1(a)(1) (Burns 1979 Repl.) by a jury. He was sentenced to a term of thirty-five years in the Indiana Department of Correction. In his direct appeal, he raises the following issues for our review:

1. Whether the trial court erred when it denied defendant's motion to suppress the victim's in-court identification;

2. Whether the trial court erred when it permitted witnesses to testify as to various out-of-court assertions made by the victim;

3. Whether the trial court erred when it permitted the victim to make self-serving declarations regarding a statement made by police;

4. Whether the trial court erred when it overruled defendant's objection to the prosecutor's final argument; and

5. Whether the evidence was sufficient to sustain the verdict of the jury.

The record reveals that on July 11, 1980, the victim (J. C.) was raped at knifepoint in a vacant lot adjacent to the Central Methodist Church at 1425 East Main Street, Richmond, Indiana. The subsequent police investigation culminated in defendant's arrest and conviction for the crime at issue.

### I.

Defendant maintains the trial court erred when it overruled his pretrial motion to suppress the victim's in-court identification. His motion was predicated on the contention that he was subjected to an impermissibly suggestive one-on-one confrontation with the victim at police headquarters. Any subsequent identification of him, he argued, was necessarily the product of the alleged suggestive confrontation and should consequently be suppressed. He reiterates these contentions here.

The record reveals, however, that defendant lodged no objection at trial when the victim made her in-court identification of him as the perpetrator. His failure to object at trial constitutes a waiver of the

right to challenge the court's denial of his motion to suppress. *Riley v. State*, (1981) Ind., 427 N.E.2d 1074; *Waters v. State*, (1981) Ind., 415 N.E.2d 711; *Pointon v. State*, (1978) 267 Ind. 624, 372 N.E.2d 1159.

Defendant maintains, however, the issue is available for our review under the fundamental error doctrine. *See, e. g., Dooley v. State*, (1979) Ind., 393 N.E.2d 154; *Winston v. State*, (1975) 165 Ind.App. 369, 332 N.E.2d 229.

Assuming *arguendo* the doctrine is applicable and that the confrontation defendant challenges was unnecessarily suggestive, the reversal of defendant's conviction would still not be warranted.

■ Notwithstanding the fact an unnecessarily suggestive pretrial confrontation has occurred, an in-court identification is permissible if the state satisfies its burden to establish by "clear and convincing evidence" that, independent of the unconstitutional confrontation, an independent basis for the witness's in-court identification exists. *Neil v. Biggers*, (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; *Simmons v. United States*, (1968) 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; *Swope v. State*, (1975) 263 Ind. 148, 325 N.E.2d 193. The question whether an independent basis exists is resolved by examining the "totality of the circumstances" surrounding the opportunity of the witness to observe the perpetrator at the scene of the crime, as well as the facts regarding the suggestive confrontation. *Id.; see also, Love v. State*, (1977) 266 Ind. 577, 365 N.E.2d 771; *Jones v. State*, (1975) 263 Ind. 555, 334 N.E.2d 689.

As the state has argued in its brief, the evidence reveals in a clear and convincing fashion that an independent basis for the victim's in-court identification did exist. She testified that at approximately 9:30 p. m. on the evening the rape occurred, she and her four year old niece were walking along North "E" Street in Richmond. As they passed the "Devil's Disco," J. C. noticed a white Honda Civic automobile bearing Connecticut license plates which ap-

peared to be following her. The car passed her; she and her niece's walk carried them down 15th Street where, next to Lombardo's Store, she again noticed the white Honda. The automobile was parked alongside Lombardo's, underneath a street light. J. C. testified she "passed right by" and within "two feet at the most" of the vehicle, wherein she observed a young, white male who appeared to be reading a book.

As the victim and her niece neared the corner of 14th and Main Streets, she observed the same man proceeding on foot down the street. She observed him as he crossed the street in their direction at the corner of 14th and South "A" Streets, where he quickly approached them from behind, indicated he had a knife, and threatened to hurt the victim and her niece unless they obeyed him. He forced them to return to the corner of 14th and Main Streets, where, across from a lighted used car lot, he directed them into some bushes, where the rape occurred. She testified that the rape lasted five or six minutes in duration, that she was able to view his face throughout the incident, and that she could not forget the face. Once the rape was completed, she watched as he fled to the white Honda and sped away.

Both prior to and at trial, she described her assailant as attired in "cut-offs," a navy blue T-shirt and shoes. She indicated he had a dark complexion, wore a mustache and medium length hair, and spoke with an Eastern accent. As these physical attributes generally matched defendant's appearance at trial, so also was ownership of the white Honda bearing Connecticut license plates traced to defendant's girlfriend. Photographs of her vehicle were identified at trial by the victim.

The confrontation defendant has challenged, on the other hand, was void of circumstances which would establish it as the predominant and overriding basis for the victim's in-court identification. It occurred three days after the crime at Richmond Police Headquarters, where defendant had gone to lodge a complaint of "harassment" against the victim's sister and

her boyfriend; the latter two, who had followed defendant to the station, left and returned with the victim after police had informed them that defendant could not be detained without a positive identification by J. C. The encounter occurred when the victim saw defendant, who was accompanied by his girlfriend, as he departed the station. Whether the meeting was prompted by unconstitutional police conduct, as defendant maintains, or merely inadvertent happenstance, as the trial court held, we do not decide; regardless, the brevity of the encounter and the lack of any aura of criminality attached to defendant at that moment militates against the claim it provided the basis for the in-court identification.

 As the trial court held, this evidence was sufficient to establish that an independent basis existed for the victim's unequivocal in-court identification of defendant. *Compare, Dooley v. State*, (1981) Ind., 428 N.E.2d 1 (Hunter, Prentice, JJ., dissenting); *Harris v. State*, (1980) Ind., 403 N.E.2d 327. There was no error here.

## II.

Defendant asserts the trial court erred when it permitted various witnesses to testify concerning out-of-court assertions which the victim had made. The testimony challenged by defendant came from a number of witnesses, in large part police personnel, who related various statements the victim made regarding defendant's appearance, the events surrounding the rape, and comments offered by defendant during the photographic identification process employed by police.

The record reveals the trial court relied on *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482, in support of its decision to permit the testimony. In *Patterson*, we held that testimony regarding out-of-court assertions is admissible if the declarant is present in court and available for cross-examination regarding the truth of the matters asserted therein. Here, the court's ruling was predicated on the state's assurances that the declarant, the victim, would testi-

fy, just as she ultimately did. *Patterson* is consequently dispositive; defendant's contention that *Patterson* is inapplicable rests on numerous cases, all of which were decided prior to *Patterson*. His argument is consequently without merit. The trial court did not err in admitting the testimony.

## III.

 Defendant maintains the trial court erred when, over defendant's objection, the victim was permitted to explain the intendment of a previous statement she had made. Specifically, she was permitted to explain what she had meant when, during a photographic identification, she stated that on a prior occasion she had seen the man, or photographs of the man, whom she was identifying as her assailant. Defendant maintains that the victim should not have been permitted to explain the intendment of her prior statement because it was "self-serving."

Defendant has cited no case authority for his proposition, which we need not decide. Whether the victim should have been permitted to explain her prior statement, any error in allowing her to do so was necessarily harmless. The explanation offered by the victim concerned the veracity of her photographic identification, while we have previously held that an independent basis for her in-court identification did exist. Defendant has offered no argument regarding the manner in which he was prejudiced by the testimony, as is required of him. *Rodgers v. State*, (1981) Ind., 415 N.E.2d 57. We consequently conclude the error, if any, was harmless. *Id., Johnson v. State*, (1972) 257 Ind. 682, 278 N.E.2d 577.

## IV.

 During final argument, the prosecutor rhetorically inquired of the jurors whether "You would like to have your little daughter or little loved one of yours view a forced rape?" Defendant maintains the remark constituted prosecutorial misconduct as its sole purpose was to inflame the pas-

sions of the jury. The statement, while relevant to the evidence insofar as testimony had established the presence of the victim's four year old niece at the scene of the crime, was better left unsaid. Its bearing on the legal and factual questions before the jury was tangential at best. It is not proper to phrase final arguments in a manner calculated to inflame the passions or prejudices of the jury. *DeHority v. State*, (1939) 215 Ind. 390, 19 N.E.2d 945; *Lawson v. State*, (1976) 171 Ind.App. 163, 355 N.E.2d 274. Prosecutors bear a special responsibility to adhere to the rule. Code of Professional Responsibility, Ethical Canon 7–13.

Defendant has not, however, offered argument to support the proposition that the statement placed him in grave peril by virtue of its persuasive effect on the jury's decision, as required to justify reversal of his conviction. *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843. Nor are we convinced that the jury was so prejudiced. The incident was an isolated moment of improper conduct which touched on a circumstance—the presence of the victim's niece—which had been repeatedly brought to light during trial. The jury was fully aware that the child of tender years had witnessed the sexual offense; the comment of the prosecutor, though unnecessary, cannot consequently be said to have had such persuasive effect that a new trial is warranted. *Craig v. State*, (1977) 267 Ind. 359, 370 N.E.2d 880; *Woodard v. State*, (1977) 267 Ind. 19, 366 N.E.2d 1160.

### V.

■ Defendant's final contention is that the evidence is not sufficient to support the verdict of the jury. When this Court is confronted with a challenge to the sufficiency of the evidence, we neither weigh the evidence nor judge the credibility of witnesses. Rather, we examine the evidence most favorable to the jury's conclusion, as well as the reasonable inferences which can be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the jury's

verdict that defendant was guilty beyond a reasonable doubt, the verdict must stand. *Moon v. State*, (1981) Ind., 419 N.E.2d 740; *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

Defendant does not argue the evidence is deficient with respect to any elements of the crime for which he was convicted. He argues the victim changed her story "so as to convict the defendant" and that his own "valid alibi" was "unshaken at trial." Defendant's argument merely invites us to reweigh the evidence and judge his credibility vis-a-vis the victim. This we cannot do. *Id.* The evidence detailed in Issue "I," *supra*, was sufficient to support defendant's conviction.

For all the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.