Domingo TREVINO, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–581A136.

Court of Appeals of Indiana, Third District.

Nov. 30, 1981.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Domingo Trevino is appealing his conviction by a jury of battery and rape. The charges arose from an incident which occurred in a remote area of northern Newton County.

On the evening of August 3, 1979, after her mother had gone to work, thirteen year old K. B. left her home accompanied by two of her girlfriends. The girls went to a campground nearby where one of them returned a tennis ball to a friend. They proceeded to a restaurant for something to eat, after which they joined some people they knew at an amusement area in a shopping center. K. B. took a motorcycle ride with a friend and about 10:00 P.M. she returned to the beach at the campground where the rest of the group had migrated. Domingo Trevino, whom K. B. did not know prior to this evening, was among the group both at the shopping center and the beach. They remained at the beach until they were asked to leave at about 10:30 P.M.

At this point, the group went to Birdland, a bird sanctuary with a lake, trees, and picnic area. The group of about forty to sixty people, including K. B. and Trevino, "partied" into the wee hours of the next morning. Earlier in the evening K. B. and approximately five other people had gone to Shelby, Indiana where some of them had purchased seven cases of beer for consumption that evening. K. B. was among those individuals drinking beer and "partying."

K. B. became ill and vomited on her shirt while in a friend's car. She removed her shirt and borrowed Trevino's shirt to wear. Her friend refused to give her a ride home because she had vomited in his car. Trevino and some of his friends said they would see that she got home.

The majority of the group left Birdland, and the remaining individuals, including K. B. and Trevino, went to the lake located on that property. As they approached the

John T. Casey, Sammons, Blaney & Casey, Morocco, for appellant.

lake, K. B. was struck by Trevino. Trevino and several others had sexual intercourse and oral sex with K. B. In a taped statement to the police, Trevino admitted having sexual intercourse with K. B. but stated he thought she was willing even though he also stated that for about an hour she wanted to quit and resisted.

K. B. and a male companion left Birdland on foot and were given a ride to K. B.'s home by people they met along the road. She was later taken to a hospital.

Trevino raises the following issues on appeal:

(1) whether the trial court erred in denying Trevino's motion for change of venue;

(2) whether the trial court erred in giving preliminary and final instructions on the element of "intentionally" when the indictment charged Trevino with "knowingly" committing rape;

(3) whether the trial court erred by allowing a witness to testify regarding photographs when the photographs had not been admitted into evidence;

(4) whether the trial court erred in granting the State's motion in limine pursuant to Indiana's Rape Shield Law; and

(5) whether the totality of the alleged errors denied Trevino a fair trial.

■ Indiana Rules of Procedure, Criminal Rule 12 provides:

"Upon the filing of a properly verified application, a change of venue from the county shall be granted in all cases punishable by death and may be granted in all other cases when in the court's discretion cause for such change is shown to exist after such hearing or upon such other proof as the court may require."

Therefore, the granting of a change of venue in all criminal cases, except those punishable by death, is discretionary with the trial court. The reviewing court will not reverse the trial court's ruling unless there is a clear showing of an abuse of discretion. *Comstock v. State* (1980), Ind., 406 N.E.2d 1164; *Pallett v. State* (1978), 269 Ind. 396, 381 N.E.2d 452.

■ In order for a defendant to establish good cause for a discretionary change of venue, he must produce evidence of community bias or prejudice sufficient to convince the trial court that he cannot obtain a fair trial in that county. *Dorton v. State* (1981), Ind., 419 N.E.2d 1289; *Dickens v. State* (1973), 260 Ind. 284, 295 N.E.2d 613.

Trevino moved for a change of venue, alleging that:

1) He was ethnic (Mexican/American).

2) Newton County has a minority population of less than 1%.

3) The incident had been reported in a newspaper in general circulation in the county naming him as an alleged rapist.

4) Newton County is small in terms of population.

5) He is a resident of Gary, Indiana and there is a belief throughout Northwest Indiana that anyone from Gary must be guilty.

■ Absolutely no evidence to show community bias or prejudice because he was a minority was presented other than the affidavit signed by Trevino. The mere possibility of prejudice or bias is not sufficient to entitle a defendant to a change of venue. *Swininger; Thomas v. State* (1976), 265 Ind. 136, 352 N.E.2d 473.

■■ Trevino alleged the pre-trial publicity of the case also entitled him to the change of venue. The only evidence of any pre-trial publicity was the exhibits attached to the motion, which were newspaper clippings reporting the original event. Pre-trial publicity in the form of newspaper articles must show a necessary degree of pervasive and inflammatory sentiments to entitle such a change. *Mendez v. State* (1977), 267 Ind. 67, 367 N.E.2d 1081. The articles at issue here consisted of typical newspaper coverage which merely referred to the defendant's name, address, and the crime with which he was charged. In no way were they inflammatory. Furthermore, these reports appeared in the newspaper a year before the case went to trial.

■ In his brief, Trevino argues that the transcript contains sufficient "indications" that the defendant did not receive a fair and impartial trial. Yet, he fails to point out any of these "indications." Trevino did not establish that there was community bias or prejudice sufficient to warrant a change of venue and thus, the trial court did not abuse its discretion in denying the motion.

■ The second issue raised by Trevino is whether the trial court erred in giving preliminary and final instructions on "intentionally" when the indictment charged Trevino with "knowingly" committing rape. Any alleged error, however must be deemed waived because the issue was not properly preserved for appeal.

No objection was made to the instruction either when the court offered it as a preliminary instruction or as a final instruction. In fact, the record shows that both times, counsel for Trevino explicitly accepted the instructions to be given by stating he had no objection. Therefore, any error in the giving of the instructions is waived. *Talley v. State* (1980), Ind.App., 400 N.E.2d 1167.

Furthermore, Trevino's argument would also fail on its merits. Trevino argues that if the jury found him guilty of "intentionally" raping K. B., then he was convicted of a crime other than that with which he was charged, since the indictment charged him with "knowingly" raping K. B.

IC 1971, 35–41–2–2 (Burns 1979 Repl.) sets out the categories of culpability thus,

"(a) A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so."

■ The highest degree of culpability is "intentionally." If conduct is engaged in "intentionally," it necessarily follows that it must be engaged in "knowingly" also. Thus, if the jury found that Trevino "intentionally" raped K. B., it necessarily had to have found he "knowingly" raped her.

During the testimony of one of the police officers, the State attempted to introduce four photographs of the alleged rape scene. Trevino objected and the objection was sustained based on a failure to lay a proper foundation at that time. In attempting to lay an adequate foundation, the State continued by asking the witness to describe what was depicted in the photographs. Again, Trevino objected and this time his objection was overruled. It is this ruling which he nows alleges was error by the trial court.

Trevino concedes in his brief that the witness's testimony was sufficient to lay the adequate foundation for the exhibits, but that the State did not establish relevancy or materiality with the witness then testifying. He claims he was prejudiced by this testimony because it placed undue importance on the photographs when they were later admitted.

■ Any evidence tending to prove a material fact is admissible even though its tendency in that direction is slight. *City of Indianapolis v. Ervin* (1980), Ind.App., 405 N.E.2d 55. Relevancy is the logical tendency of evidence to prove a material fact, and is a question for the discretion of the trial judge. *Masson Cheese Corp. v. Valley Lea Dairies* (1980), Ind.App., 411 N.E.2d 716.

■ Trevino has shown no abuse of discretion on the part of the trial court in making its ruling. Furthermore, the evidence is relevant as to the scene of the crime from the officer's observation and was properly admissible.

■ More importantly, since the photographs were later admitted into evidence when K. B. testified, any possible error was cured and rendered harmless. As stated by Justice Hunter of the Indiana Supreme Court:

"Since the evidence in question was rendered relevant by later testimony even if, for the sake of discussion, we assume it was not so at the time, any error which may have occurred was thereby cured and rendered harmless. *Eaton v. State* (1917), 186 Ind. 167, 115 N.E. 329; Wigmore, *Evidence* (3rd Ed.) § 1871."

*Bradburn v. State* (1971), 256 Ind. 453, at 458, 269 N.E.2d 539, at 542.

The next issue raised by Trevino is whether the trial court erred in granting the State's motion in limine pursuant to Indiana's Rape Shield Law.[1] The trial court limited the motion to prohibit only evidence of the victim's past sexual conduct with anybody except the defendant prior to August 4, 1979 and the general time of the alleged criminal activities. Trevino contends that to the extent Indiana's Rape Shield Law prevents use of evidence of the prosecutrix's prior sexual conduct with others to demonstrate bias, prejudice, consent or ulterior motive the law is unconstitutional in that it violates his right to due process, fairness, and meaningful defense.

Indiana's Rape Shield Law has previously been held constitutional on several points. *See Finney v. State* (1979), Ind.App., 385 N.E.2d 477; *Cherry v. State* (1981), Ind., 414 N.E.2d 301, U.S. appeal pending.

However, a lengthy discussion of the constitutionality of the statute is not necessary since this issue must be disposed of on other grounds. As this Court has said before, "... a ruling on a motion in limine is not a final ruling on the admissibility of evidence. The motion serves merely to prevent the display of potentially prejudicial matter to the jury until the trial court has had the opportunity to rule on the admissibility of the evidence within the context of the trial itself." *Underwood v. State* (1981), Ind.App., 414 N.E.2d 588, at 589.

*Lagenour v. State* (1978), 268 Ind. 441, 376 N.E.2d 475.

 The record discloses no objection by Trevino to the motion. At no time during the trial did Trevino attempt to present evidence which could have been precluded by the motion, so as to challenge the motion and allow the trial court to rule on the admissibility of the evidence within the context of the trial itself. Therefore, Trevino has failed to preserve any error for appeal with regard to the motion in limine.

Finally, Trevino claims that the cumulative impact of the alleged errors he has raised, denied him the right to a fair trial. Based upon the facts presented and the issues raised in this case, Trevino's claim is without merit. Since we have found that none of the issues raised alone constitutes reversible error, it follows that all of them together do not. *Osborne v. State* (1981), Ind., 426 N.E.2d 20.

Trevino's conviction stands affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.

---

1. IC 1971, 35–1–32.5–1 (1980 Burns Supp.).