Forest O. BAUER, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 482S164.

Supreme Court of Indiana.

Dec. 2, 1983.

段 415

Howard S. Grimm, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged and convicted by a jury of two counts of Burglary, a Class A felony. These counts arose from the same incident. One count charged rape as the intended felony. The other charged criminal confinement. The trial judge merged the confinement based burglary into the rape based burglary for the purposes of sentencing. Appellant was sentenced to thirty (30) years based upon the burglary finding. In addition appellant was convicted of criminal confinement for which he received a concurrent two year sentence. The thirty (30) year sentence was enhanced by an additional thirty (30) years upon the finding the appellant was an habitual offender.

The facts show appellant approached the home of K.G., a seventeen year old girl, when her parents were not at home. He indicated he was selling insurance and inquired when the parents would return. He then left the home only to return minutes later, and enter the home by a rear door. He approached K.G. and said, "Let's go back to the bedroom." She refused. The two then struggled and K.G. injured her leg. Appellant then forced her into the bedroom. During this time appellant said "oh come on baby let's do it." Once in the bedroom the appellant removed most of the victim's clothes. He bound her ankles and wrists with her own clothing and inserted his fingers into her vagina. He then turned her onto her stomach and proceeded to masturbate until he ejaculated on her buttocks. He then left.

 Appellant first raises the issue of whether sufficient evidence existed to support the conviction of burglary with intent to rape. He argues there was not sufficient evidence to prove he intended to rape K.G. when he entered her home. We find the argument without merit.

In the case at bar the State alleged the appellant had the intention to commit two felonies when he illegally entered. The jury agreed. The judge correctly indicated only one burglary had occurred and sentenced the appellant based upon a merger of the counts. Whether or not the appellant intended to commit rape is immaterial to sustain his conviction for burglary. His intent to commit criminal confinement is sufficient to support the burglary conviction.

Appellant's second issue concerns the trial court's refusal to grant a Motion for a

Change of Venue. The motion had as its basis numerous radio, television and newspaper articles which appeared in the Fort Wayne area. These stories dealt with attacks against several women during the summer of 1980. Most of the stories contained the phrase "silver compact car rapist." This nickname came from the fact many witnesses testified they saw a small silver car in the vicinity of the attacks. Prior to appellant's arrest more than fifty stories using that phrase appeared. After the arrest in excess of one hundred eighty additional stories were disseminated. Appellant contends this amount of publicity, making use of the nickname, created an atmosphere which prevented the selection of an impartial jury. Appellant also notes that prior to this case he was convicted in Allen County for another sexual attack. He maintains the adverse publicity from that trial prejudiced potential jurors in this trial. He also argues the phrase "silver compact car rapist" gives the connotation appellant was a rapist, when, in fact, he was never charged with the separate crime of rape. Lastly he argues the press by associating the nickname with thirteen separate assaults, when, in fact, he was only charged with three, increased the burden of his defense in the minds of the potential jurors. He maintains the effect of the totality of these incidents was to produce an inherently prejudicial trial atmosphere utterly corrupted by press coverage.

Appellant calls attention to his judicial history in Allen County as evidence of the prejudicial atmosphere. In a prior trial for one of the charged attacks the trial court granted a mistrial when the prosecutor used the phrase "silver compact car rapist" during the *voir dire*. In the present cause of action, the trial court on its own motion postponed the trial for two months when it found it could not select a fair and impartial jury. Appellant contends the same atmosphere existed when he was tried as existed when the mistrial and postponement were granted.

Indiana Rules of Procedure, Criminal Rule 12, in effect at that time, governed the granting of Motions for a Change of Venue.

It reads:

"Upon the filing of a properly verified application, a change of venue from the county shall be granted in all cases punishable by death and may be granted in all other cases when in the court's discretion cause for such change is shown to exist after such hearing or upon such other proof as the court may require."

The trial court has discretion in denying Motions for a Change of Venue and such denials will be reviewed only to determine an abuse of discretion. The trial court has a duty to balance the rights of the news media, the appellant and the citizens as it determines the right to a change of venue. *Comstock v. State,* (1980) Ind., 406 N.E.2d 1164. Appellant recognizes he has the burden of showing local prejudice and corrupted trial atmosphere and that the amount of pretrial publicity does not automatically produce such an atmosphere. *Drollinger v. State,* (1980) Ind., 408 N.E.2d 1228; *Haybron v. State,* (1979) 272 Ind. 190, 396 N.E.2d 891; *Murphy v. Florida,* (1975) 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589. In addition the appellant must produce evidence of the community bias or prejudice sufficient to convince the trial court he cannot obtain a fair trial in that county. The mere possibility of such prejudice is not enough to entitle the appellant to a change of venue. *Trevino v. State,* (1981) Ind.App., 428 N.E.2d 263. In *Willard v. State,* (1980) 272 Ind. 589, 400 N.E.2d 151, each juror had heard about the case but did not know whether the allegations were true. This Court stated:

"We will not reverse a trial court in its judgment on this issue even if there was a showing of some prejudice, where there was no reason to believe that any juror was so infected with preconceived opinions as to have been unable to judge the defendant wholly upon the law and the evidence adduced at the trial (Citations omitted). *Id.* at 595, 400 N.E.2d at 156.

Appellant offers no evidence of bias or prejudice except photostatic copies of some of the articles. He argues a presumption of

prejudice, based upon the use of the name "silver compact car rapist," over an eighteen month period. He contends this name was burned into the subconscious of the residents of Allen County to the point they could not detach the name from their mental processes. Thus, all potential jurors of Allen County and the surrounding areas, where these stories were published, would be incapable of being impartial in this matter. He claims the only remedy would be a change in the location of the trial.

We decline to change the standard as laid down in the prior decisions on this subject. We still hold actual proof of community bias or prejudice is required. Mere knowledge of the crime does not necessarily produce veniremen who cannot fairly judge the appellant, based upon the evidence adduced at trial. We hold the trial judge did not abuse his discretion when he declined to grant the Motion for a Change of Venue.

The trial court is in all things affirmed.

All Justices concur.