**Robert J. DRUMMOND, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 883S290.

Supreme Court of Indiana.

Sept. 6, 1984.

Nick J. Thiros, Cohen & Thiros, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Murder. He was sentenced to serve a term of fifty-six (56) years imprisonment.

The facts are: Appellant and the victim, Vincent Addison, were charged in Lake County with burglary and robbery. Addison was to be the principal State's witness in those cases.

On the evening of August 24, 1982, appellant, Debra Worak-Scholz and two others were driving to Worak-Scholz's residence when they saw Addison sleeping in his car adjacent to the Hobart police station. Appellant made a proposal, which Addison accepted, that he stay with them at Worak-Scholz's trailer.

In the early morning hours of August 25, appellant awoke Worak-Scholz and told her that he wanted Addison to leave the trailer. She left with the two men, following them in her car. They drove to Stagecoach Road in Porter County, where Addison parked his vehicle. The two men got out. Appellant then produced a .45 caliber handgun and shot Addison four times, mortally wounding him. Appellant walked back to Worak-Scholz's car and ordered her to drive away.

The police discovered Addison's body later that morning. On August 26, a Portage police officer, en route to Worak-Scholz's trailer, spotted a car driven by appellant. A high-speed chase ensued dur-

ing which both appellant and Worak-Scholz sustained gunshot wounds. Appellant was apprehended after crashing his car. Following his arrest he was transferred to Porter Memorial Hospital, where he underwent surgery to remove bullet fragments from his arm.

Appellant claims the trial court erred in denying his motion to suppress the statement he gave to police officers after undergoing surgery. He argues he was still affected by the general anesthetic, thus his waiver of rights and statement were not knowingly, voluntarily and intelligently given.

■ The question of voluntariness is one for the trial court. On appeal we will not reweigh the evidence, but rather look to the totality of the circumstances to determine whether there was substantial evidence of probative value to support the trial court's ruling. *Smith v. State,* (1982) Ind., 432 N.E.2d 1363; *Grey v. State,* (1980) 273 Ind. 439, 404 N.E.2d 1348.

■ At the suppression hearing, Officer Robert Cibak testified that he spoke with the attending physician, who assured him that appellant was mentally alert. Officer Roger Kiser testified that prior to questioning appellant, he read the rights and waiver of rights form which he placed in appellant's view. Kiser testified appellant appeared to be reading the forms, indicated he understood them and signed the waiver form. Officers Kiser and Keith Burden both testified that appellant was cooperative and alert and answered their questions coherently.

The inference appellant would have us draw, that the police attempted to question him while he was "vulnerable", is not borne out in the record. There is no evidence, other than appellant's general statements about the way he felt, that the general anesthetic was still affecting him, or that if it were, would have affected his ability to comprehend the circumstances. We find there is sufficient probative evidence to support the trial court's ruling on the motion to suppress.

Appellant next alleges error in the trial court's failure to grant his motion for a change of venue based on pretrial publicity. On January 6, 1983, appellant's trial counsel met with the prosecutor in chambers to discuss a possible plea bargain. Following a discussion among the court and counsel, the court determined that the proposed plea agreement was unacceptable. The trial date of January 10 was reaffirmed.

The next day an article concerning the case appeared in the *Gary Post Tribune.* The article discussed the plea bargain negotiations as well as other details of the case. Judge Douglas was quoted as stating, "I'd never cut a deal in a murder case unless they [the prosecutors] needed a witness to testify against others, ... I don't want to bind myself in this case.'"

■ The question of whether a change of venue is warranted lies within the sound discretion of the trial court. *Bauer v. State,* (1983) Ind., 456 N.E.2d 414; *Underhill v. State,* (1981) Ind., 428 N.E.2d 759. Appellant's evidence was essentially a photostatic copy of the newspaper article. The mere possibility of prejudice is not enough to entitle appellant to a change of venue. *Bauer, supra; Trevino v. State,* (1981) Ind.App., 428 N.E.2d 263. Beyond proof of allegedly adverse publicity, appellant must show that the jurors were unable to set aside preconceived notions of guilt and render a verdict based on the evidence. *Robinson v. State,* (1983) Ind., 446 N.E.2d 1287; *Sage v. State,* (1981) Ind., 419 N.E.2d 1286.

■ During *voir dire* none of the persons empaneled as jurors expressed equivocation in their ability to render a verdict based solely on the evidence presented at trial. As appellant has not shown that the jurors were unable to set aside any preconceived notions of guilt, we find no abuse of discretion in the denial of the change of venue.

Appellant next alleges error in the court's holding a direct contempt proceeding before the jury, without admonishing them to disregard the proceeding, and in

subsequently admitting into evidence the depositions of the witness found in contempt for refusing to testify. In his allegation of error regarding the depositions, appellant argues that the witness was available to testify at trial, and that the depositions were neither published nor signed by the deponent.

Worak-Scholz, who had been granted use immunity, was the State's sole eyewitness. Several days before the trial commenced she was deposed twice, the first time refusing to continue, the second time relenting and answering questions. Subpoenaed to testify at trial, she took the stand but refused to answer any questions when ordered by the court to do so. Immediately after the court's citation of Worak-Scholz for contempt, the State, without formal motion for publication, orally requested the court to admit the depositions. The depositions were admitted over defense counsel's objection and read into the record in their entirety.

■ As to the alleged failure to hold the direct contempt hearing outside the presence of the jury, this specific allegation is not set forth in appellant's motion to correct errors. Any error in this regard is deemed waived. Ind.R.App.P. 8.3(A)(7); *Crouch v. State*, (1984) Ind., 459 N.E.2d 41.

■ Admission of a deposition into evidence is reviewable only for an abuse of discretion. *Jarvis v. State*, (1982) Ind., 441 N.E.2d 1; *Thomas v. State*, (1981) Ind. App., 423 N.E.2d 682. We cannot agree with appellant's assertion that the witness was available at trial. Worak-Scholz took the stand, then refused to testify. She was cited for contempt and sentenced to serve ninety (90) days or until she agreed to testify. Given the unavailability of the witness, as well as Worak-Scholz's taking of an oath and the presence of defense counsel at the deposition, the depositions were admissible under the former testimony exception to the hearsay rule. *Moore v. State*, (1982) Ind., 440 N.E.2d 1092.

We have previously held that publication of a deposition is required in order to place the deposition before the court. *State v. Fair*, (1983) Ind., 450 N.E.2d 66; *Augustine v. First Federal Savings and Loan Ass'n. of Gary*, (1979) 270 Ind. 238, 384 N.E.2d 1018. The essence of the requirement is that because a party need not object to questions on the grounds of admissibility when the deposition is taken, the party can "[w]ait and make his objection at trial or hearing when the deposition is read into evidence or otherwise used." *Augustine, supra* at 241, 384 N.E.2d at 1020; *See* Ind.R.Tr.P. 32(B).

■ Here the court conducted a hearing on the admissibility of the depositions outside the presence of the jury. The court reporter who took and transcribed the depositions testified at the hearing that she had contacted the deponent to let her read the depositions. Defense counsel, who was present while Worak-Scholz was deposed, had been given copies of the depositions. He made no objections while the depositions were read into the record. The safeguards of the requirement of publication were met in these circumstances.

■ Worak-Scholz did not sign the admitted depositions. Appellant cites Ind.R. Tr.P. 30(E) as dispositive on the issue of a deponent's signature, arguing that because the depositions were not signed, they were not admissible. The trial rule is intended to give the deponent an opportunity to read and sign (or refuse to sign) a deposition.

The court reporter testified that she contacted Worak-Scholz to avail her the opportunity to read and sign the transcribed depositions. An appointment was made, which Worak-Scholz did not keep. She had an opportunity to read the depositions, which she for unknown reasons declined. Under these circumstances, the lack of signature was not an impediment to admission. We find that the trial court did not abuse its discretion in admitting the depositions.

Appellant next alleges error in the denial by the court of his oral motion to suppress the testimony of Officer Dan Topper. Topper testified that appellant expressed to

him an intention to kill Addison, and also admitted his participation in the burglary and robbery for which he and Addison were charged in Lake County.

Appellant's expression of his intention to kill his codefendant is clearly probative on the question of motive. Appellant concedes as much; however, he argues that the portion of the conversation with Officer Topper regarding his admission of participation in the charged offenses was irrelevant and highly prejudicial.

■ Generally, evidence of criminal activity other than that which is charged is inadmissible on the question of guilt. *Beasley v. State*, (1983) Ind., 452 N.E.2d 982. However, such evidence may be admissible if probative on the question of motive. *Wilson v. State*, (1982) Ind., 432 N.E.2d 30. The admission of evidence having some tendency to render an inference of motive is made within the discretion of the trial court. *Wilhelm v. State*, (1983) Ind., 455 N.E.2d 595.

■ The fact that appellant implicated himself in the two offenses, coupled with Addison's turning State's evidence, does give an inference of motive. We will not undermine the trial court's discretionary determination that the testimony was admissible.

■ Appellant next alleges error in the admission of certified copies of the charges, including affidavits of probable cause, filed in Lake County. He alleges the affidavits contained the hearsay statements of the alleged victims of the crimes charged, as well as the hearsay statements of Addison. The "official" nature of the exhibits, he argues, had a profound impact on the jury, exacerbated by the lack of admonishment by the court.

The purpose of offering the exhibits was again to establish motive. The documents are self-authenticating and admissible under the business records exception to the hearsay rule. *Hudson v. State*, (1983) Ind., 443 N.E.2d 834; *See* Ind.R.Tr.P. 44(A)(1). The trial court in its discretion determined that an inference of motive outweighed any possible prejudice to appellant. We find no error in the admission of the documents.

■ Appellant next alleges error in the admission of the testimony of . Officer Lance Burrus concerning a conversation between Burrus and Addison, during which Addison expressed his fear of appellant. The testimony, as appellant admits, was admissible under the state of mind exception to the hearsay rule. *See Dunaway v. State*, (1982) Ind., 440 N.E.2d 682. Appellant argues, however, that the testimony was irrelevant.

The trial court found the testimony relevant to the issue of motive. Addison had told Officer Burrus that appellant had threatened to kill him. "In a homicide case, the law permits the State to introduce prior threats and assaults upon the victim by the accused to prove state of mind." *Romine v. State*, (1983) Ind., 455 N.E.2d 911, 915, citing *Moore v. State*, (1981) Ind., 414 N.E.2d 558. We find no abuse of discretion in the court's determination that the testimony was relevant.

■ Appellant further alleges error in the admission of the testimony of Officer Robert Condor concerning a conversation between Condor and appellant. Appellant contends the testimony should have been excluded since discovery failed to disclose the conversation. This argument is without merit, as we find no prejudice to appellant arising from this alleged failure. Officer Condor was listed as a State's witness on a discovery witness list. Defense counsel was afforded the opportunity to cross-examine Condor. We find no error in the admission of the testimony.

■ The final issue raised by appellant is whether the court failed to specify its reasons for adding sixteen years to his sentence for aggravating circumstances. The presumptive sentence for a conviction of the crime of murder is forty (40) years. Ind.Code § 35–50–2–1 (West 1978). If the trial court exercises its discretion and modifies the presumptive sentence, it must make a statement on the record of its rea-

**748**

sons for imposing that sentence. *Garringer v. State*, (1983) Ind., 455 N.E.2d 335.

 The court's statement, during the sentencing hearing, was that there were no mitigating circumstances in the case and further, that the prior criminal activity of the appellant demonstrated his hostile attitude and that the nature of the crime was nothing more than a cold-blooded execution of the victim.

We find the court adequately complied with the statutory guidelines relating to the presence of aggravating circumstances. Ind.Code § 35–38–1–7 (West 1983 Supp.). We find no abuse of the trial court's discretion in augmenting the presumptive sentence, nor do we find the sentence manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R.App.R.Sen. 2.

The trial court is in all things affirmed.

All Justices concur.