Kenneth W. GIBBS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1184S427.

Supreme Court of Indiana.

Oct. 21, 1985.

Lawrence O. Sells, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Attempted Murder. The court imposed a fifty (50) year sentence.

The facts are: The victim, Sheila Jenkins, lived with appellant and worked as a prostitute in the Louisville area. On June 28, 1983, she was riding on a motorcycle driven by Levi Conley. Appellant saw them and began to chase them in his automobile. Appellant's vehicle hit the Conley motorcycle from behind as it was stopped at an intersection. When Conley and appellant began to argue, Jenkins fled into a nearby field. Appellant drove his vehicle around the motorcycle and pursued Jenkins into the field. Appellant's vehicle struck the victim and caused serious bodily injury.

A few days after the incident, the victim gave a statement to the police. In it she told of past occasions when appellant had beaten her. She also indicated she believed appellant's motivation for the incident was his knowledge that she was preparing to leave him.

During Jenkins' recovery she and appellant reconciled. They were married prior to the commencement of trial. Her testimony at trial was in variance from that in the statement. At trial she did not recall making the statement to the officer. She testified she remembered very little from the days following her release from intensive care. At trial she testified appellant did not often beat her although he had slapped her on occasions. She also testified she did not believe appellant intentionally struck her with the automobile.

■ Appellant argues the trial court erred when it denied his motion to dismiss the Information. This motion was filed at the sentencing hearing. Appellant contended the Information did not allege appellant acted with the specific intent to commit the crime of murder. He maintains the Information only alleged the specific intent to commit a substantial step toward the commission of murder.

The State correctly argued appellant waived the issue by failing to comply with Ind. Code § 35-34-1-4(b) which requires that any motion to dismiss predicated on a defective Information be filed twenty (20) days prior to the omnibus date. Ind. Code § 35-36-8-1 provides for the establishment of the omnibus date. Appellant's untimely filing of the motion causes the issue to be waived. *Land v. State* (1984), Ind., 470 N.E.2d 697; *Averhart v. State* (1984), Ind., 470 N.E.2d 666.

■ Appellant contends he was provided ineffective assistance of counsel. He argues the State offered a plea agreement on the morning of trial to his counsel but counsel did not convey this agreement to appellant. It is a denial of effective assistance of counsel if in fact there is a failure to convey a plea offer from the State. *Young v. State* (1984), Ind., 470 N.E.2d 70; *Whitacre v. State* (1982), Ind., 442 N.E.2d 1085.

At the hearing on the motion to correct error the court heard the testimony of the prosecutor, appellant and his trial counsel. The prosecutor testified that several days prior to trial the State had orally offered appellant's counsel an agreement under which appellant would plead guilty to Battery and the State would recommend a five

(5) year sentence. The prosecutor indicated the offer was reiterated on the morning of the trial. The prosecutor stated:

"And I'm sure again it was mentioned the morning of trial. That was our last offer.

Q1 Do you recall, Nick, to whom you communicated those offers?

A Mr. Conley.

Q2 Do you—did you—were those done in the presence of the Defendant, Kenneth Gibbs?

A No.

Q3 Okay. You had mentioned something or at least you had asked Kenneth Gibbs questions about counter[-]proposals that were supposedly made; and by whom were those made?

A The morning of trial, uh, Mr. Conley came back to me. It was my assumption that he had talked to the Defendant. And he said to me something to the effect that he would take two (2) years, but not five (5). And I just said that was out of the question. We would have to try it.

Q4 Okay. But you recall that on the day of trial that, uh, again the offer was extended to the Defendant through his attorney, Isaac Conley?

A That's correct."

Appellant's trial counsel testified he did not communicate the plea agreement offered on the morning of trial. Counsel stated:

"Q21 In other words Mr. Stein indicated to you that if your client, Kenneth Gibbs, would enter a plea of guilty to the crime of Battery as a Class C Felony, that he would recommend to the Court that, uh, Kenneth Gibbs receive a five (5) year executed sentence?

A Yes.

Q22 Did you communicate that to your client, Kenneth Gibbs?

A I did not communicate that to him on the day of trial. I had talked to Mr. Stein, uh, I think a day or two (2) before trial; and he had communicated that same offer. And I did not, uh,—I had talked to Mr. Gibbs about it at that time; and, uh,—but I did not communicate to

him on that da—on the day of trial cause it was the same offer. It had not changed."

Appellant testified he was never made aware of the plea agreement offered prior to trial. He indicated he only became aware of the offer when he read a newspaper account of the trial.

The trial court denied the motion to correct error. In its findings the court stated: "Specifically regarding the testimony of Isaac Conley. [sic] The Court finds that such testimony is untruthful, not credible and given for the purpose of reversing the conviction and judgment entered in this cause."

The State cites to *Moore v. State* (1980), 273 Ind. 268, 403 N.E.2d 335 where we said:

"We, therefore, hold that a trial judge, in ruling upon a motion to correct errors, has the duty to examine the evidence to ascertain whether or not there is evidence beyond a reasonable doubt to support the verdict of the jury." *Id.* at 271, 403 N.E.2d at 336.

 In the case at bar the trial court was not reviewing the jury verdict in light of the evidence. Rather the court was sitting as the initial fact finder on the issue of whether appellant had been informed of the plea bargain on the morning trial commenced. Thus the court was ruling on an error based on evidence not presented to the jury pursuant to Ind.R.Tr.P. 59(H). This decision of the trial court is analogous to its ruling on the issue of whether a defendant is entitled to a new trial pursuant to Ind.R.Tr.P. 59(A)(6), the newly discovered evidence rule. In order to be entitled to a new trial under this rule, the trial court must find the new evidence would produce a different result. *Augustine v. State* (1984), Ind., 461 N.E.2d 101. The decision of the trial court on this factual question is reviewed under the abuse of discretion standard. *Augustine, supra.* We hold the same standard applies to factual determinations under Ind.R.Tr.P. 59(H).

■ We find the statements of the prosecutor to be sufficient to support the inference that appellant's counsel did in fact transmit the offer on the morning of trial. Thus the trial court did not abuse its discretion when it denied the motion for a new trial.

Appellant argues the trial court erred when it permitted the State to question both appellant and the victim as to their prostitution-related activities. He cites cases which hold that evidence which tends to show appellant is guilty of independent and distinct crimes is inadmissible.

The State maintains the evidence of appellant's acts is admissible to demonstrate the motive of his actions. The State's theory of the case was that the appellant was attempting to punish one of his prostitutes who was seeking to leave him. By questioning appellant concerning his prior conviction for promoting prostitution and his bailing the victim out of jail following her arrests, the State sought to establish a "business" relationship between appellant and the victim.

■ Evidence of unrelated prior criminal acts may be introduced to establish motive. *Bland v. State* (1984), Ind., 468 N.E.2d 1032; *Drummond v. State* (1984), Ind., 467 N.E.2d 742. The admission of evidence having a tendency to create an inference of motive is within the discretion of the trial court. *Drummond, supra.* We find no abuse of discretion in the admission of the evidence relative to appellant's past prostitution convictions.

The State called the victim during its case-in-chief. The State focused upon the variances between her in-court testimony and her hospital statement. After extensive questioning, the State requested the witness be declared a hostile witness. The court granted the motion. The State then sought to impeach the witness by questioning her concerning past convictions for prostitution in Kentucky. Appellant contends it was error to permit this form of questioning. The State argues the questioning was permissible to impeach the witness by establishing motive and bias.

These convictions occurred while appellant and the victim lived together. Appellant arranged for the victim's bail following her arrests on these charges. During this period of time appellant was laid off from his regular employment. The victim testified that money she raised through prostitution was used to pay the rent and utilities.

■ The State is permitted to impeach its own witness who has been declared to be hostile. *Ward v. State* (1982), Ind., 438 N.E.2d 966; *Love v. State* (1977) 266 Ind. 577, 365 N.E.2d 771. The State is permitted to inquire concerning bias, prejudice, motive and self-interest. *See Moritz v. State* (1984), Ind.App., 465 N.E.2d 748. The bias of a witness may be revealed when there is a reasonable degree of probability the witness is biased because of the evidence in question. *Hossman v. State* (1984), Ind.App., 460 N.E.2d 975. The trial court did not err when it permitted the State to impeach the witness.

■ Appellant contends the trial court erred when it permitted the prosecutor to engage in misconduct during final argument. Appellant alleges the prosecutor made statements which were unprofessional, unethical and prejudicial. However, appellant raised no objection to the comments. A contemporaneous objection is required for appellate review. *See Burris v. State* (1984), Ind., 465 N.E.2d 171. Thus appellant's issue is waived by his failure to object.

The trial court is in all things affirmed.

PRENTICE, PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., concurs in result.