**Dallas WASHINGTON, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 49S00–8604–CR–333.**

Supreme Court of Indiana.

Aug. 14, 1986.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in the conviction of appellant of Burglary, a Class D felony, Robbery, a Class C felony, Battery, a Class B misdemeanor, Theft, which the trial court held to be merged with the Robbery count, and Trespass, which the trial court held to be merged with the Burglary count. Appellant was also found to be an habitual offender. The court found aggravating circumstances in the form of a past criminal record and the age of the 88–year-old victim. The sentences were ordered to run consecutively for a total of 68 years 6 months.

The facts are: On the evening of February 22, 1985, the victim, Myrtle Winston, was in her bedroom sewing when appellant entered, grabbed her by the neck, started choking her and demanded money. He took her purse and forced her to remove her wedding ring from her finger. He then proceeded to ransack her home. He was in her home for about thirty to thirty-five minutes under brightly lighted conditions. Winston testified she had a good look at him for a prolonged period of time. After appellant left Winston's home, she attempted to telephone the police but found that the telephone lines had been cut on the outside of the home.

The police received a tip from a "concerned citizen" who had read an article in the *Indianapolis Star* detailing a number of burglaries in the Brightwood area. The article contained a description of the suspect. The "concerned citizen" stated that he/she had been in appellant's home and had seen two handguns, a sawed-off .12 gauge shotgun and a tool satchel such as one that had been described as being carried by the suspect.

Based upon this information from the "concerned citizen," the investigating police officers obtained a search warrant for appellant's home. Upon entering appellant's home, they found numerous items taken from Winston's home, including her Blue Cross-Blue Shield card, another health insurance card, a Block's credit card, a Sears credit card, an envelope addressed to her, her checkbook and seven photographs of her family.

Appellant claims the trial court erred in denying his motion for a change of venue due to allegedly widespread publicity prior to trial. Appellant cites *Irvin v. Dowd* (1961), 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751; however, there is a great difference between the *Irvin* case and the case at bar. In the *Irvin* case there had been widespread publicity of numerous execution-style murders which had been perpetrated in connection with robberies, and extensive television coverage in the courthouse yard during the trial in which participants in the trial were interviewed at length concerning the guilt of Irvin.

In the case at bar we have only the usual newsworthy stories of the perpetrated crimes together with the usual television news coverage. When adverse publicity is claimed to the extent of necessitating a change of venue from a county, it must not only be shown that there was in fact adverse publicity, but also that potential jurors were unable to set aside any preconceived notions of guilt and to render a verdict based upon the evidence. *Drummond v. State* (1984), Ind., 467 N.E.2d 742.

In the case at bar we have not been furnished a transcript of the *voir dire* examination of the jury, thus we do not know directly whether any bias was shown at that time. However, during argument on the motion, both defense counsel and counsel for the State alluded to the fact that not all members of the jury were acquainted with appellant's name or the facts of the case. From what we have before us, we must presume the trial court did not abuse its discretion in denying the motion for change of venue.

Appellant claims the trial court committed reversible error in overruling his motion to suppress evidence obtained through the search warrant. It is his position that the law enforcement officers failed to establish probable cause or the reliability of the informant at the time the search warrant was obtained. Detective

Sergeant Jack Gillespie of the Indianapolis Police Department made an affidavit for the purpose of obtaining the search warrant in question. The affidavit is lengthy and goes into great detail as to the information furnished by the "concerned citizen," including a description of appellant which fit the description given by the victim in this case and details of the objects which were believed to be in appellant's home.

The affidavit also states the "concerned citizen" furnished the police department with a photograph of appellant and with that photograph they were able to discover appellant was a fugitive from justice in Wisconsin where he was charged with burglary and had failed to surrender while out on bond. The affidavit established the reliability of the "concerned citizen" furnishing the information and the probable cause to believe that appellant had in his possession various articles taken in burglaries, including the burglary perpetrated upon Winston. There is ample evidence in this record to support the trial judge's ruling denying the motion to suppress evidence.

Appellant claims the verdict is not supported by sufficient evidence and is contrary to law. He takes the position that the 88–year-old victim of the burglary did not give adequate identification of him and that the videotape lineup, which the victim witnessed, was improperly suggestive. The videotape was not included in the evidence before us and nothing else in the evidence indicates irregularities in the viewing of the videotape lineup. However, the evidence in this case clearly indicates that the victim had thirty to thirty-five minutes to observe appellant in a well lighted room, that he stood face-to-face with her as he choked her and that based upon this personal observation of appellant she positively identified him in open court. *See Remsen v. State* (1981), Ind., 428 N.E.2d 241. There is ample evidence in this record to support the jury's finding that appellant was properly identified.

Appellant claims the trial court committed reversible error when it allowed him

to be tried on the same habitual offender information for which he had been previously convicted. This proposition of law has been decided against appellant's position by this Court in several previous cases. *See Kalady v. State* (1984), Ind., 462 N.E.2d 1299; *Griffin v. State* (1981), 275 Ind. 107, 415 N.E.2d 60.

The trial court is in all things affirmed.

All Justices concur.