976 F.2d 735
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Roy HECK, Petitioner-Appellant,
v.
Thomas RICHARDS and Indiana Attorney General, Respondents-Appellees.
 No. 91-3034.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1992.*
Decided Sept. 18, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Roy Heck, serving a fifteen-year sentence in Indiana for voluntary manslaughter, see Heck v. State, 552 N.E.2d 446 (Ind.1990), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court refused to grant the writ, and we affirm.
 
 
 2
 Heck argues that the evidence against him was insufficient. He says first that the state did not adequately prove the cause of his wife's death, and second that he killed her intentionally. Our standard is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 3
 The prosecution presented a pathologist who observed that Mrs. Heck had a broken jaw when she died and suggested that a severe blow to her head possibly caused it. This circumstantial evidence was sufficient to establish that Mrs. Heck met a violent death. Patterson v. State, 532 N.E.2d 604, 609 (Ind.1988).
 
 
 4
 As to whether Heck "intentionally" killed his wife, as required by Ind.Code Ann. § 35-42-1-3 (West 1986), the record contains evidence that Heck had a history of beating his wife, including a criminal charge pending against him when she disappeared; witnesses heard a man fitting his general description engaged in a heated argument with Mrs. Heck on the eve of her disappearance; at the time she disappeared he lied to others and said she was on a trip; he removed personal items from her place to his, then told his girlfriend and daughter to dispose of them before they were found by police; his wife's remains were buried on his farm; he asked friends to dump old shingles on the site of her burial; and, when the police got a warrant to search his farm, he fled the state, though he eventually came back and turned himself in. Based on this evidence, a rational trier of fact could conclude beyond a reasonable doubt that Heck intended to kill his wife.
 
 
 5
 Heck next argues that the admission of voice identification testimony at his trial denied him due process because it was tainted by a suggestive pre-trial identification procedure. He says that one week before trial, and eighteen months after his wife disappeared, her neighbor, Tessie Standriff, went to the police and identified his recorded voice on tape, but only after being told it was his, and that this procedure was so suggestive as to make Ms. Standriff's in-court identification of his voice from a similar tape unreliable.
 
 
 6
 "[R]eliability is the linchpin in determining the admissibility of identification testimony." Rodriguez v. Young, 906 F.2d 1153, 1161 (7th Cir.1990), cert. denied, 111 S.Ct. 698 (1991). An in-court identification is reliable if, despite impermissible suggestion, there is no "very substantial likelihood of irreparable misidentification." Neil v. Biggers, 409 U.S. 188, 198 (1972); Simmons v. United States, 390 U.S. 377, 384 (1968); Montgomery v. Greer, 956 F.2d 677, 681 (7th Cir.1992); Rodriguez, 906 F.2d at 1162. The determination of reliability is made after an examination of "the totality of the circumstances." Montgomery, identifications, like other forms of identification, are subject to this approach. United States v. Alvarez, 860 F.2d 801, 810 (7th Cir.1988), cert. denied, 490 U.S. 1051 (1989).
 
 
 7
 Considering all the circumstances in this case, we question the reliability of Ms. Standriff's in-court identification of Heck, particularly absent evidence that she was previously familiar with his voice. Nevertheless, we conclude that even if Ms. Standriff's in-court identification of Heck was unreliable, any constitutional error in admitting her testimony was harmless beyond a reasonable doubt. Arizona v. Fulminante, 111 S.Ct. 1246, 1263-64 (1991). The evidence of his guilt was established without it.
 
 
 8
 Heck also argues that the trial judge erred in allowing hearsay evidence of his physical abuse of his wife which occurred prior to her death. Our review of state court evidentiary rulings is extremely limited. Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990). A federal court can issue a writ of habeas corpus only when such a ruling results in a denial of due process. Id.
 
 
 9
 The Indiana Supreme Court found that the evidence fell within exceptions to the hearsay rule because it was offered to prove Heck's state of mind and his motive for killing his wife. Heck v. State, 552 N.E.2d 446, 451 (Ind.1990) (citing Drummond v. State, 467 N.E.2d 742, 747 (Ind.1984)). Heck failed to show that the admission of this evidence rendered his trial fundamentally unfair. The same result obtains in the admission of Officer Kreinhop's testimony. The Indiana Supreme Court found no error, Heck, 552 N.E.2d at 453, and Heck did not establish otherwise.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record